IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLEVELAND WINSTON KILGORE, JR.  *<br>#09441-007 | |
| * | Civil Action No. RDB-12-1101 |
| Plaintiff | |
| * | |
| v | |
| * | |
| WARDEN | |
| * | |
| Defendant | |

\*\*\*

**MEMORANDUM OPINION**

Plaintiff Cleveland Kilgore[1] has filed a paper titled "International Bill of Exchange (Unicitral Treaty No. 216007-1)." The court will grant Kilgore leave to proceed in forma pauperis for the limited purpose of preliminary review. For reasons to follow, the case will be dismissed with prejudice.

In this filing, it appears that Kilgore wants to pay through Timothy Geithner, Secretary of the United States Treasury, and Felicia Cannon, Clerk of the United States District Court for the District of Maryland, the amount of $140,000 to an automobile dealership. The paper is nonsensical and will be dismissed as frivolous. While this Court is mindful that the pleadings of pro se litigants are liberally construed, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990). Kilgore's filing fails state a plausible, non-frivolous § 1983 claim. For these reasons this case will be dismissed with prejudice pursuant to 28 U.S.C. §§

---

[1] Kilgore was convicted of bank fraud, aggravated identity theft, and aiding and abetting in *United States of America v. Cleveland Kilgore*, Criminal No. RDB-06-115 (D. Md). On December 19, 2006, the Court sentenced Kilgore to149 months incarceration to be followed by five years of supervised release and ordered him to pay restitution of $268,930 and an assessment of $800.00. Kilgore is presently incarcerated at the Federal Correctional Institution in Coleman, Florida.

1915(e)(2) and 1915A and Kilgore will be assigned a "strike" under 28 U.S.C. § 1915(g). Section 1915(g) provides that a prisoner may not bring a civil action in forma pauperis if on three or more prior occasions, the prisoner has filed an action in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury. *See* 28 U.S.C. §1915(g). A separate order follows. [2]

May 1, 2012                            /s/
Date                                     RICHARD D. BENNETT
                                         UNITED STATES DISTRICT JUDGE

---

[2] In *Kilgore v. Warden*, Civil Action No. RDB-11-2820 (D. Md 2011), this Court notified Kilgore that his future complaints dismissed as frivolous or for failure to state a cause of action under 28 U.S.C. §1915(e)(2), 1915A(b)(l), or 42 U.S.C. § 1997e(c) would be assigned a "strike" under 28 U.S.C. §1915(g).